IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| LUCAS KOCH and GARETT KOCH, minors, by their mother and next best friend, DAWN DOERFLER KOCH, and DAWN DOERFLER KOCH, individually,<br><br>        Plaintiffs,<br><br>v.<br><br>AVENT AMERICA INC., an Illinois Corporation,<br><br>        Defendant. | No.   08-cv-04395 |

**PLAINTIFF'S MOTION TO REMAND THIS MATTER TO STATE COURT**

NOW COME Plaintiffs, LUCAS KOCH and GARETT KOCH, minors, by their mother and next best friend, DAWN DOERFLER KOCH, and DAWN DOERFLER KOCH, individually, by and through their attorneys, GOLD & COULSON, a partnership of professional and limited liability corporations, and BOLLINGER, RUBERRY & GARVEY, and moving to remand this matter to the Circuit Court of Cook County, Illinois states as follows:

**PRELIMINARY STATEMENT**

On May 20, 2008, Plaintiffs filed their Complaint in the Circuit Court of Cook County, Illinois. The record demonstrates Defendant was served with summons on July 7, 2008 by service on Lynn Bezikos, Senior Counsel. On August 4, 2008, Defendant AVENT AMERICA, INC. (now named Philips AVENT) filed a Notice of Removal of this case under 28 U.S.C. § 1332(d), based upon diversity of citizenship.

## ARGUMENT

This action is not removable pursuant to the Class Action Fairness Act of 2005, Pub.L. 109-2, § 4, 119 Stat. 4, 9 (codified at 28 U.S.C. § 1332(d)) ("CAFA"), because the federal court does not have proper subject matter jurisdiction. CAFA has indeed altered class action practice in state and federal courts throughout the United States, hosting new and complex rules which have augmented, rather than displaced, the conventional requirements for federal diversity jurisdiction. William B. Rubenstein, "Understanding the Class Action Fairness Act of 2005." p. 1, www.classactionprofessor.com (2005). While CAFA may have relaxed the requirements for federal diversity jurisdiction, it certainly did not abolish them. The matter in controversy in this case does "exceed the sum or value of $5,000,000, exclusive of interest and costs," 28 U.S.C. § 1332(d)(2), but minimal diversity has not been met. (CAFA allows for incomplete diversity unlike the general federal diversity statute's demand for complete diversity. *Id.*, *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). All putative class members hail from Illinois, and defendant Philips AVENT has citizenship in Illinois. Compl. at ¶s 5,14. Therefore, § 1332(d)(2)(A)'s requirement that "at least one member of the proposed class is a citizen of a State different from any defendant" has not been satisfied.

**THE CITIZENSHIP REQUIREMENT UNDER BOTH CONVENTIONAL AND CAFA DIVERSITY RULES CANNOT BE MET. THIS CASE BELONGS IN STATE COURT.**

The applicable federal statutes' plain language supports this Motion to Remand. 28 U.S.C. § 1447 provides, in pertinent part:

> **(c)** A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . .

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . The State court may thereupon proceed with such case.

This Motion to Remand has been filed within thirty days of removal, even though the "defect" in this case does regard subject matter jurisdiction; thus, all procedural and jurisdictional objections are timely. 28 U.S.C. § 1441(a) authorizes a defendant to remove a case only if the federal district court has original jurisdiction over the action under 28 U.S.C. § 1332(d). *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Plaintiffs could not have chosen to bring this action in federal court initially because there is no federal question and no minimal diversity, therefore Philips AVENT cannot properly remove it.

Further, "Congress decided to qualify th[e] rule of minimal diversity . . . for class actions that were essentially local in nature." *Hart v. FedEx Ground Package System Inc.,* 457 F.3d 675, 677 (7th Cir. 2006). One of several exceptions to CAFA's expansion of diversity jurisdiction regards local controversies, codified at 28 U.S.C. 1332(d)(4)(A)(i)(I)-(III). It requires federal courts to decline subject matter jurisdiction when "greater than two-thirds of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed," when one defendant's conduct "forms a significant basis for the claims asserted," and when "principal injuries resulting from the alleged conduct . . . were incurred in the State in which the action was originally filed." *Id.*   Here, *all* putative class members are citizens of the State of Illinois.

Additionally, pursuant to § 1332(c)(1), "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Corporations were given dual citizenship under the Amendatory Act

3

of 1958 so as to prevent "the assertion, for purposes of diversity jurisdiction, that a corporation is a citizen exclusively of the state in which . . . it obtained its corporate charter, and that it is not a citizen of the state in which it conducts its principal business activities," *Bender v. Hilton Riviera Corp.* 367 F.Supp. 380, 383 (D.C. Puerto Rico 1973) (*quoting Egan v. American Airlines*, Inc., 324 F.2d 565, 566, (2d Cir. 1963). While in its motion Defendant chooses to call itself Philips Electronics North America Corporation ("PENAC"), its main website reveals the corporation's new title as "Philips AVENT." Paragraph 11 of Defendant's motion states that Avent America, Inc. "merged with and into PENAC in June 2007" and it "no longer has any separate corporate existence." (Def. Mot. p. 3). Philips AVENT's new corporate headquarters may be in Connecticut, but its principal place of business still appears to be active at 475 Supreme Drive in Bensenville, IL.  Please see Exhibit A attached demonstrating Defendant's current website and business address as 475 Supreme Drive, Bensenville, Illinois, with phone and fax numbers at that address.

  The facts here are simple. The toxic baby bottles were manufactured by Avent America, Inc. in Illinois, and purchased by Dawn Doerfler Koch in Illinois.  *Nothing* in Avent's removal papers contravenes this fact.  Plaintiffs were born on October 30, 2006 as alleged in the complaint. Glaringly absent from Defendant's motion is pertinent information regarding its factory at 475 Supreme Drive. Avent America, Inc. may have merged with PENAC in 2007, but the baby bottles containing BPA were both produced and purchased prior to this date, in Illinois. Thus, in accordance with 28 U.S.C. 1332(d)(4), this case does have one "defendant whose conduct forms a significant basis for the claims asserted," and Plaintiffs' injuries did result from that conduct, in Illinois.

4

Moreover, "a defendant has the responsibility to ascertain from a reasonable and common-sense reading of a complaint whether the action is removable. All doubts about federal jurisdiction are resolved in favor of remand to state court." *Peirick v. Hooters of Am.*, 2005 WL 2171184 at *1 (N.D. Ill. 2005). Additionally, "removal statutes are to be strictly construed, and numerous federal courts have concluded that any doubts regarding removability should be resolved against accepting removal jurisdiction." Campbell v. Bayou Steel Corp., 338 F. Supp. 2d 896, 902 (N.D. Ill. 2004). In this case there *are* doubts regarding removability; namely, the whereabouts of Philips AVENT's legitimate principal place of business. At this stage in the litigation process, it is in the best interest of this Court and this case to remand it back to state court.

## CONCLUSION

For the aforementioned reasons, this Court should remand this case back to the Circuit Court of Cook County, Illinois for further proceedings.

                                          Respectfully submitted,

                             By:    _s/Arthur S. Gold_____
                                       One of Plaintiff's attorneys

Gold & Coulson
A Partnership of Professional and
Limited Liability Corporations
11 S. LaSalle Street
Suite 2402
Chicago, IL  60603
(312) 372-0777 Telephone
(312) 372-0778 Facsimile
Attorney No. 5231

Michelle Bracke
Bollinger, Ruberrry & Garvey
500 W. Madison
suite 2300
Chicago, Illinois 60661
312-466-8000

# EXHIBIT A

| Philips/AVENT | Contact | What is Shopatron? | Retailer Information |

powered by shopatron

**Navigate** Home → Bottle Feeding → Bottle Accessories    My Cart  My Account    [SEARCH]



**Product Categories**
- Pacifiers
- Bottle Feeding
- Toddler Feeding
- Breastfeeding
- Bags & Carriers
- Warmers & Sterilizers
- Baby Monitors

**Part Numbers**

**Shopping Information**
- Shopping Cart
- Ordering Info
- Safety and Security
- Privacy
- Policies
- your account


McAfee SECURE
TESTED  02-SEP

## Bottle Accessories

 SCF140-00 AVENT 4 Pack Bottle Screw Rings
Item is available.
USD$ 5.99                                          [ADD TO CART]

 SCF141-00 AVENT Dome Caps (4 Pack)
Item is available.
USD$ 5.99                                          [ADD TO CART]

 SCF143-06 AVENT Sealing Discs
Item is available.
USD$ 4.49                                          [ADD TO CART]

 SCF145-06 AVENT Bottle Brush
Item is available.
USD$ 4.49                                          [ADD TO CART]

 SCF640-04 AVENT Breast Milk Storage Containers
Item is available.
USD$ 12.99                                         [ADD TO CART]


SECURED BY GeoTrust

For information on products
in the Philips/AVENT online catalog,
send email to ask.us@avent.com.
For questions about your order
please log into your account.

Philips/AVENT
475 Supreme Drive
Bensenville, IL 60106 US
P: 630-350-2600
F: 630-766-5078

**Search For**
[            ] [SEARCH]

**2,913,021 Shopatron Items sold and shipped.**

©Copyright 2000-2008, Shopatron, Inc. and Philips/AVENT. All Rights Reserved.
Aspects of the Shopatron network are either patented, patent-pending, or patent-applied-for.

Shopatron